UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JOSEPH GERMAINE GARLINGTON SR., § § § Plaintiff, § VS. § WILLIAM STEPHENS, § § Defendant. § | § § § § § CIVIL ACTION NO. 2:14-CV-174 § § § § § |

### ORDER OF DISMISSAL AND GRANTING PLAINTIFF LEAVE TO EXHAUST ADMINISTRATIVE REMEDIES AND AMEND HIS COMPLAINT

Plaintiff filed this lawsuit on May 16, 2014, pursuant to the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1(a), requesting that he be allowed to maintain a one-quarter inch beard consistent with his religious beliefs (D.E. 1). On February 10, 2015, following the decision of the United States Supreme Court in *Holt v. Hobbs*, 135 S.Ct. 853 (2015), a temporary stay was put in place to give Defendant Stephens, Director of TDCJ-CID, time to draft and implement a policy allowing offenders to wear up to a one-half inch beard in accordance with their religious beliefs (D.E. 17).

On August 24, 2015, Defendant Stephens filed an advisory attaching a copy of the new policy allowing inmates to wear up to a one-half inch religious beard (D.E. 24). The temporary stay was lifted, and Defendant Stephens has filed a motion to dismiss Plaintiff's lawsuit as moot (D.E. 28). Plaintiff filed objections, citing problems with the new policy, especially with the requirement that he cannot sculpt or trim the beard and

the requirement that he be required to clean shave annually (D.E. 26). Plaintiff also complains that he was told he would receive a written pass to show security officers to justify his beard, and he claims he has not received such a pass and he fears continued retaliation from security personnel unaware of the new policy (*Id.*).

In this case, Plaintiff asked only for injunctive relief that he be allowed to wear a one-quarter inch beard. Plaintiff has received the relief he sought. Accordingly, the motion to dismiss (D.E. 28) is granted and Plaintiff's claim that he be permitted to wear a one quarter-inch beard is dismissed as moot.

Plaintiff may raise any claims challenging the new policy after exhausting his administrative remedies at both levels and seeking leave to amend his complaint or by filing a new lawsuit. Because the action of Plaintiff and other litigants led directly to the promulgation of a new policy, it does not seem fair to require Plaintiff to pay a second filing fee if he wishes to challenge the new policy. Plaintiff is granted sixty days from the date of this order to exhaust administrative remedies and seek leave to amend his complaint to add the new claim. Alternatively, Plaintiff may file a new lawsuit. If no motion for leave to amend is filed on or before **Wednesday, December 9, 2015,** final judgment closing this case will be entered. Entry of final judgment in this case will not bar a new lawsuit challenging the religious beard policy.

ORDERED this 13th day of October, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE